CARSON, PIRIE, SCOTT & CO. *v.* JOZWIAK.

SALES—CONTRACTS—CONSTRUCTION—GUARANTY.

> Defendant sold his dry goods business, taking a chattel mortgage from the purchaser to secure part of the purchase price. It was stipulated in the mortgage that if defendant should become guarantor for any goods ordered by the purchaser of the stock of merchandise the amount guaranteed should be added to and secured by the chattel mortgage. Plaintiff secured an order from the purchaser and wrote to defendant to guarantee the account. Defendant replied to send the goods and bill in his name. Plaintiff shipped the goods to the purchaser who gave the order, and charged defendant with the shipment. *Held,* that in the light of the surrounding circumstances, defendant was liable as the principal and that plaintiff was not required to ship the goods directly to him.

Error to Bay; Collins, J. Submitted January 4, 1912. (Docket No. 68.) Decided March 12, 1912.

Assumpsit by Samuel C. Pirie and others, doing business as Carson, Pirie, Scott & Company, a copartnership, against John F. Jozwiak for goods sold and delivered. Judgment for plaintiffs. Defendant brings error. Affirmed.

*John E. Kinnane,* for appellant.

*Lee E. Joslyn,* for appellee.

BLAIR, J. For a number of years prior to March, 1908, the defendant, John F. Jozwiak, was engaged in the retail dry goods business in Bay City, and had been dealing with plaintiffs to a considerable extent during the time that he was so engaged. In March, 1908, Jozwiak sold out his store and business to Frank M. Rosengard, receiving part of the purchase price in cash, and taking a

chattel mortgage for the balance which remained unpaid. The chattel mortgage contained a clause to the effect that it was contemplated that Jozwiak might become guarantor for the purchase of goods by Rosengard, and that in such case the amount or amounts so guaranteed would be added to the amount secured by said chattel mortgage, in case Jozwiak was subjected to liability upon such guaranty. Rosengard had been running the store and business for about a year and a half after said purchase before the transaction involved in this case occurred.

In September, 1909, A. E. Jameson, plaintiffs' traveling salesman, called at the Rosengard store, and listed, in the form of an order, a quantity of goods which Rosengard needed, and then sought to have Mr. Jozwiak guarantee payment for the goods so listed in said order. Mr. Jameson sent in the order to his house, and then he wrote to his house as follows:

"J. F. Jozwiak, Bay City, Mich., former owner of F. M. Rosengard store, has been guaranteeing the acc't with other firms. I saw Jozwiak (who used to be a good customer of ours) about this bill and he told me he may have to take back the stock. Will know in a couple of days. He also knows they have got to buy to assort up. You write Mr. Jozwiak before filling the order."

Upon receipt of this letter plaintiffs wrote the defendant as follows:

"CHICAGO, Sept. 16, 1909.

"Mr. J. F. JOZWIAK,
    "Bay City, Mich.
"*Dear Sir:*
"Our Mr. Jameson has taken an order to be shipped to F. M. Rosengard, and requests that we write you for a guaranty to cover this order before we make shipment.

"We are therefore enclosing one of our blanks and will appreciate it if you will sign and return at your early convenience."

Upon receipt of that letter and the blank form for a general guaranty inclosed, Mr. Jozwiak wrote the plaintiffs as follows:

"Bay City, Mich., Sept. 16, 1909.
"Carson, Pirie, Scott & Co.,
                "Chicago, Ill.
*"Gents:*
"Please send at once, Mr. F. M. Rosengard's order, this time, the goods and bill on my name.
                        "Respectfully,
                            "J. F. Jozwiak."

Mr. Jozwiak testified that there was an error in dating the above letter written by him to plaintiffs, and that the date should be September 17th or 18th, instead of September 16th, and that it was in fact written after he received the above letter from the plaintiffs, inclosing their blank for guaranty. About 10 days after the receipt of the said letter from Jozwiak, plaintiffs shipped the goods specified in the Rosengard order to Frank M. Rosengard, at Bay City, and mailed an invoice thereof to defendant.

Mr. Jozwiak testified that after taking the order Jameson saw him and told him that it would not amount to $300. The court held and charged. as a matter of law, that the defendant was liable to the plaintiffs, and that the amount of said liability was not less than $300; and the only question that the court submitted to the jury was whether defendant's liability was limited to $300 or the full amount of the order, agreed upon as $551.90. The jury rendered a verdict in favor of the plaintiffs for $551.90.

The principal question in the case concerns the interpretation of defendant's letter, dated September 16, 1909. Defendant contends that the letter should be construed to mean that the goods ordered by Rosengard should be shipped directly to defendant, Jozwiak. Plaintiffs insist that the letter contemplated that the goods should be shipped to Rosengard on defendant's credit. Considering this letter in the light of the surrounding circumstances, we think it should be construed to require shipment of the goods to Rosengard, and that the same should be charged to de-

fendant. In view of this holding, the other questions raised by defendant become immaterial.

The judgment is affirmed.

Moore, C. J., and Steere, McAlvay, Brooke, Stone, and Ostrander, JJ., concurred. Bird, J., did not sit.